Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
E-mail: melanie@jibraellaw.com
E-mail: eric@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW ROSS CLARK, *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL CREDIT NETWORK, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff Matthew Ross Clark ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Financial Credit Network, Inc. ("Defendant") for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

2. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C. §1367.

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Los Angeles County, California.

4. Venue of this action is proper in this Court because the cause of action alleged below arose in Los Angeles County, California.

**PARTIES**

5. Plaintiff is a natural person, and a citizen of the State of California, residing in Los Angeles County, California.

6. Defendant is a California corporation, with its principal place of business located in Visalia, California.

**DEMAND FOR JURY TRIAL**

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

8. On September 22, 2025, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h).

12. Defendant is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c).

13. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14. Defendant, in the ordinary course of business, regularly attempts to collect obligations alleged to be due and owing on behalf of itself and/or others.

15. Section 1692c(c) of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.

16. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

17. Section 1692c(c) of the FDCPA states that '[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c).

18. Under the Rosenthal Act, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the Rosenthal Act allows for those collecting debts on their own behalf to be considered "debt collectors." *See* Cal. Civ. Code § 1788.2(c).

19. Plaintiff may state a claim for violation of the Rosenthal Act by showing that Defendant, a person attempting to collect an alleged debt on its own behalf, violated section 1692c(c) of the FDCPA. *See* Cal. Civ. Code § 1788.17.

## THE COMMUNICATION

20. On September 22, 2025, Defendant contacted Plaintiff in an attempt to collect the Consumer Debt (“the First Communication”).

21. A screenshot of the First Communication is attached hereto as “Exhibit A”.

22. On September 25, 2025, Plaintiff notified Defendant in writing (the “Notice”) wishing for Defendant to cease communication with Plaintiff.

23. The Notice stated: “Do not send me anymore text messages.”

24. A screenshot of the Notice is attached hereto as “Exhibit A”.

25. Upon receipt of the Notice, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

26. On September 28, 2025, despite knowing that Plaintiff had requested Defendant to cease communication with him, Defendant communicated with Plaintiff again (“the Second Communication”) in an attempt to collect a debt. *See Exhibit A*

27. The Second Communication stated: “FCN (debt collector): pay your City Of Huntington Beach-Utilities account at https://fcn.avtal.com/al/uvJtVABp.”

28. On October 5, 2025, despite knowing that Plaintiff had requested Defendant to cease communication with him, Defendant communicated with Plaintiff again (“the Third Communication”) in an attempt to collect a debt. *See Exhibit A*

29. The Third Communication stated: ““FCN (debt collector): pay your City Of Huntington Beach-Utilities account at https://fcn.avtal.com/al/uvJtVABp.”

30. On October 12, 2025, despite knowing that Plaintiff had requested Defendant to cease communication with him, Defendant communicated with Plaintiff again (“the Fourth Communication”) in an attempt to collect a debt.

31. The Fourth Communication stated: "FCN (debt collector): pay your City Of Huntington Beach-Utilities account at https://fcn.avtal.com/al/uvJtVABp."

32. A screenshot of the Fourth Communication is attached hereto as "Exhibit B."

33. On October 18, 2025 (labeled "Yesterday 11:05 AM"), despite knowing that Plaintiff had requested Defendant to cease communication with him, Defendant communicated with Plaintiff again ("the Fifth Communication") in an attempt to collect a debt. *See Exhibit B*

34. The Fifth Communication stated: "FCN (debt collector): pay your City Of Huntington Beach-Utilities account at https://fcn.avtal.com/al/uvJtVABp."

35. The Second Collection Communication, Third Collection Communication, Fourth Collection Communication, and Fifth Collection Communication are collectively referred to as the "Subject Collection Communications."

36. The Subject Communications represent actions to collect a debt by Defendant.

## CLASS ALLEGATIONS

### PROPOSED CLASS

37. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons. The "Class" that Plaintiff seeks to represent is the below defined "FDCPA Class" and "Rosenthal Act Class" (collectively, "Classes").

38. The "**FDCPA Class**" consists of: **[1]** all persons with United States addresses **[2]** that Defendant or someone on Defendant's behalf **[3]** sent a communication to **[4]** in connection with the collection of a consumer debt **[5]** during the twelve (12) months preceding the filing of this Class Action Complaint **[6]** whereby said communication was sent to the consumer after the consumer requested Defendant to cease communication with he consumer in violation of 15 U.S.C. § 1692c(c).

39. The "**Rosenthal Act Class**" consists of: **[1]** all persons with California addresses **[2]** that Defendant or someone on Defendant's behalf **[3]** sent a communication to **[4]** in connection with the collection of a consumer debt **[5]** during the twelve (12) months preceding the filing of this Class Action Complaint **[6]** whereby said communication was sent to the consumer after the consumer requested Defendant to cease communication with he consumer in violation of Cal. Civ. Code § 1788.17.

40. Defendant and its employees or agents are excluded from the Classes.

41. Plaintiff does not know the number of members in the Classes but believes the number is in the several thousands, if not more.

## NUMEROSITY

42. Upon information and belief, Defendant has sent thousands of debt collection communications to United States and California consumers after the consumer requested Defendant to cease communication with the consumer, whereby such electronic mail communications violate 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

44. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Classes are: [1] Whether Defendant sent a

communication to Plaintiff and members of the Class in connection with the collection of a consumer debt; [2] Whether Defendant, by and through such communications, violated the FDCPA and Rosenthal Act; [3] Whether Defendant is liable for damages, and the amount of such damages; [4] Whether Defendant should be enjoined from such conduct in the future.

45. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends communications that violate 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17 is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

46. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every

member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
***(For Plaintiff and the FDCPA Class)***

50. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 1-49 of this Class Action Complaint as though fully stated herein.

51. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to *cease further communication* with the consumer, the debt collector *shall not communicate further* with the consumer with respect to such debt" (emphasis added).

52. On or about September 25, 2025, Defendant was notified in writing through the Notice (the "Notice") that Plaintiff wished for Defendant to cease communication with him with respect to the debt.

53. The Notice stated: "Do not send me anymore text messages".

54. Upon receipt of the Notice, Defendant knew Plaintiff requested Defendant to cease communication with Plaintiff. Despite knowing this, Defendant communicated and/or contacted Plaintiff, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

55. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Subject Communications.

56. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Determine this action is a proper class action under Federal Rules of Civil Procedure

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

**COUNT II**

**VIOLATION OF CAL. CIV. CODE § 1788.17**

***(For Plaintiff and the Rosenthal Act Class)***

57. Plaintiff, individually and on behalf of the Rosenthal Act Class, incorporates by reference ¶¶ 1-49 of this Complaint.

58. Section 1692c(c) of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, states that '[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c).

59. As set forth above, as of September 25, 2025, Defendant knew Plaintiff had revoked any consent Defendant had to communicate with Plaintiff regarding the Consumer Debt.

60. Despite knowing this, Defendant communicated with Plaintiff, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

61. As such, by and through the Subject Communications, Defendant violated Cal. Civ. Code § 1788.17.

62. WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) Determine this action is a proper class action under California Rules of Civil Procedure

(b) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(c) Award Plaintiff statutory damages pursuant to Cal. Civ. Code § 1788.17 & 1788.30(b);[1]

(d) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff;

(e) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.[2]

(f) Any other relief that this Court deems appropriate under the circumstances.

Dated: December 16, 2025

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).